Filed 4/25/25  P. v. Beckwith CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F088292 |
| Plaintiff and Respondent, | (Super. Ct. No. RF009225A) |
| v. | |
| SAMUEL MARCUS BECKWITH, | **OPINION** |
| Defendant and Appellant. | |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Kenneth G. Pritchard, Judge.

Maureen M. Bodo, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Hill, P. J., Franson, J. and Snauffer, J.

## INTRODUCTION

Appellant and defendant Samuel Marcus Beckwith (appellant) pleaded no contest to attempted robbery and was placed on felony probation consistent with a negotiated disposition. On appeal, appellate counsel filed a brief that summarized the facts with citations to the record, raised no issues, and asked this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) Appellant did not file a supplemental brief on his own behalf. We affirm.

## PROCEDURAL BACKGROUND

On May 22, 2023, a felony complaint was filed in the Superior Court of Kern County charging appellant with committing the following offenses on or about November 29, 2022: count 1, attempted robbery, that he attempted to take property from a 13 year old (Pen. Code,[1] §§ 664/212.5); and count 2, misdemeanor child endangerment of a 13 year old (§ 273a, subd. (b)).

### Plea

On April 15, 2024, appellant appeared with Deputy Public Defender Newman. Appellant pleaded no contest to count 1, pursuant to a negotiated disposition for felony probation. Appellant signed a change of plea form, and the parties stipulated to a factual basis. The trial court granted the prosecution's motion to dismiss count 2, provided the plea remained in effect.

### Sentence

On May 13, 2024, the trial court convened the sentencing hearing. Appellant appeared with Deputy Public Defender Gallagher, who said she did not represent appellant at the plea hearing. She stated that on April 24, 2024, the public defender's office received a letter from appellant, stating that he wanted to withdraw his plea.

---

[1] All further statutory citations are to the Penal Code.

Gallagher requested appointment of an independent counsel to review the matter with appellant.

The trial court appointed Mr. Odeh as independent counsel to speak with appellant about withdrawing the plea, and trailed the case.

After a recess, Odeh advised the court that he met with appellant, appellant no longer wanted to withdraw his plea, and he wanted to continue with sentencing on the plea agreement. The court thanked and relieved Odeh.

Gallagher stated she disagreed because appellant pleaded to a strike offense, and he indicated earlier that day that he wanted to withdraw his plea "due to partially with medications and stuff like that." Gallagher asked the trial court to reappoint Odeh to further review the matter. The court asked whether counsel doubted appellant's competency pursuant to section 1368. Counsel said no.

The trial court asked appellant if he understood his discussions with both attorneys and Gallagher's statements, and if he wanted further private conversations with either of them. Appellant said he understood, he did not need any further discussions, he did not want to follow Gallagher's advice, and he wanted to go ahead with sentencing. Odeh was again thanked and relieved.

The trial court suspended imposition of sentence and placed appellant on felony probation for two years subject to certain terms and conditions, including serving 72 days in county jail with credit for time served of 72 days, and payment of fines and fees. Appellant was personally served with a criminal protective order prohibiting contact with the minor victim for three years. Counsel stated appellant wanted to move to Utah, and wanted appellant advised that he needed permission from the probation department before moving or his probation would be revoked. The court agreed.

On July 2, 2024, appellant filed a timely notice of appeal, and the trial court granted his request for a certificate of probable cause.

**DISCUSSION**

As noted above, appellate counsel filed a *Wende* brief with this court.  The brief also included counsel's declaration that appellant was advised he could file his own brief with this court.  On January 28, 2025, this court advised appellant by letter that he could file a supplemental letter or brief raising any arguable issues.  Appellant did not do so.

After independent review of the record, we find no reasonably arguable factual or legal issues exist.

**DISPOSITION**

The judgment is affirmed.